IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY HUGHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 3:12-CV-28-WHA |
| | ) | [WO] |
| LUTHER R. STRANGE, | ) | |
| ATTORNEY GENERAL OF | ) | |
| ALABAMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate currently incarcerated at the Lee County Detention Center in Opelika, Alabama, files this *pro se* 42 U.S.C. § 1983 complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged by Defendants who are identified as Attorney General Luther Strange, the Director of Public Safety, and Sheriff Jay Jones. Plaintiff seeks $1 million in punitive damages, preliminary injunctive relief, and trial by jury. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. FACTUAL ALLEGATIONS

Plaintiff's complaint involves application of the Alabama Community Notification Act ["ACNA" or "the Act"] to his conviction, pursuant to a nolo contendere plea, for second degree rape in Lee County, Alabama, entered against him on or about November 21, 1987.[2] For that offense, Plaintiff states he was sentenced to five years probation on January 4, 1988. On December 6, 2011 Plaintiff was arrested and charged with a failure to comply with provisions of the ACNA. Plaintiff is currently detained in the Lee County Detention Center where he is being held without bond.[3]

Plaintiff makes three complaints in the instant proceeding. He first alleges that he has not been provided an initial or preliminary hearing following his arrest for violating the terms of the ACNA. Next, he complains that the ACNA is being applied to him in error because the Act does not apply to convictions based on pleas of nolo contendere. Finally, although Plaintiff does not contend that his rape conviction is one which should not subject him to the requirements of the Act, he asserts that his due process and equal protection

---

[2] Congress along with all 50 states enacted laws requiring sex offenders to register their residence with local law enforcement. *See Smith v. Doe*, 538 U.S. 84, 89-90 (2003). States enacted these laws for the purpose of notifying the public about local sex offenders and to aid law enforcement in identifying and locating potential suspects in local sex-related crimes. *See Connecticut Department of Public Safety v. Doe*, 538 U.S. 1, 4, 123 S.Ct. 1160, 1163, 155 L.Ed.2d 98 (2003)." *Doe v. Moore*, 410 F.3d 1337, 1340 (11th Cir.), *cert. denied*, *John Doe I v. Moore*, 546 U.S. 1003 (2005). The Community Notification Act is Alabama's version of such a law.

[3] Although Plaintiff indicates he entered a plea of nolo contendere to second degree rape, based on his previous filings with this court, *see Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (court may take judicial notice of its own records and the records of inferior courts), the undersigned notes that Plaintiff entered a guilty plea to the rape offense in 1988 and was sentenced to three years imprisonment. *See Hughley v. King*, Civil Action No. 3:09-CV-219-TMH (M.D. Ala. 2011).

rights have been violated and that he has been illegally imprisoned as a result of the unconstitutional application of the notification and/or residency restrictions of the Act to his second degree rape conviction which  he maintains  should not apply to him because his crime occurred before the legislation was enacted.   Plaintiff requests punitive damages for his alleged illegal detention and the  unconstitutional application of the Act against him as well as an injunction enjoining the State from enforcing against him the notification/registration provisions of the  ACNA.  (*Doc. Nos. 1, 2*.)

## II.  DISCUSSION

With regard to Plaintiff's complaint that his requests for an initial and/or preliminary hearing have been ignored, there is no federal requirement that States afford initial or preliminary hearings to persons accused of state criminal offenses.  Furthermore, if the conduct, acts, and/or  omissions about which Plaintiff complains in the instant action were found to violate his federal rights, it is clear that his claims concern a  criminal charge(s) which is currently pending before the state courts of Lee County, Alabama, and, thus, are not currently appropriate for consideration by this court.[4]

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court must refrain from interfering with pending state criminal proceedings "when

---

[4]The sex offenders reporting requirements found at Ala. Code §§ 15-20-1 through 15-20-5 were repealed by Act 2011-640, § 49, effective July 1, 2011, as were the statutory provisions concerning the community notification of released convicted sex offenders found in Ala. Code §§ 15-20-20 through 15-20-38. Act  2011-640 is known as Alabama Sex Offender Registration and Community Notification Act and is codified at Ala.Code  § 15-20A-1, *et seq*.

3

the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can present the factual and legal bases for the alleged constitutional violations in the on-going state court criminal proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that Plaintiff must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. The court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement.

With respect to Plaintiff's challenge to the validity of his current confinement as a result of the conduct about which he complains, a civil rights lawsuit under 42 U.S.C. § 1983 is not an appropriate remedy. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief sought  is a determination that he is entitled to immediate release or a speedier release from that imprisonment, the inmate's federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (""§ 1983 suit is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief),

no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceeding) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Plaintiff's complaint for money damages for his alleged unlawful detention is premature and must be dismissed. An unlawful confinement does not constitute and "injury" until the confinement has been invalidated. In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate

that the challenged action has previously been invalidated.  520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645.  The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*.  Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The instant complaint contains a challenge to the constitutionality of Plaintiff's incarceration in the Lee County Detention Center as a result of his failure to comply with provisions of the ACNA based on his second degree rape conviction.  A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of his resulting confinement and  his state court conviction in 1988 as well.  It is clear from the complaint that the basis for Plaintiff's detention about which he complains has not been invalidated in an appropriate proceeding.  Consequently, the instant collateral attack on his confinement in the Lee County Detention Center is prohibited as habeas corpus is the exclusive remedy for an inmate who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).  Such attack is therefore subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent the complaint can be considered to assert state law claims for relief, the court finds that exercise of supplemental jurisdiction over such claims should be declined pursuant to 28 U.S.C. § 1367(c)(3).

In light of the foregoing, the court concludes that Plaintiff's complaint against the named defendants is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's request for a preliminary injunction (*Doc. No. 2*) be DENIED;

2. Plaintiff's federal claims be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii);

3. To the extent the complaint asserts state law claims for relief, such claims be DISMISSED without prejudice; and

4. The complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 3, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and,

therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of January 2012.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE