IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION


JOHNNY HUGHLEY,                           )
                                          )
                Plaintiff,                )
                                          )
vs.                                       )   CIVIL ACTION NO. 3:12cv028-WHA
                                          )
LUTHER R. STRANGE, Attorney General       )                    (WO)
of Alabama, et al.,                       )
                                          )
                Defendants.               )


**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #5),

the Plaintiff's Written Objection (Doc. #6), and the Plaintiff's Amendment to Motion (Doc. #7).

The court has conducted an independent evaluation and *de novo* review of the Recommendation,

the Objections, and the file.

Plaintiff objects to the Recommendation that his complaint be dismissed under 28 U.S.C.

§ 1915(e)(2)(B).  Plaintiff filed this § 1983 action seeking damages and challenging his

imprisonment  due to charges pending against him based on application of the Alabama

Community Notification Act (ACNA).  Plaintiff has a prior conviction for second  degree rape.

Plaintiff's objection claims that the Magistrate Judge failed to review his 1987 guilty plea

colloquy before entering a recommendation.  Review of that plea is not necessary to the court's

disposition of this matter based on the allegations presented in the complaint. While Plaintiff

makes various  objections with regard to his contention that application of the ACNA to him is

unconstitutional, as explained in the Recommendation the court must abstain from considering

the merits of Plaintiff's challenges to the validity of his current imprisonment based on the

charges against him stemming from ACNA violations as well as any general claim made

regarding the constitutionality of Plaintiff's current confinement. *Younger v. Harris*, 401 U.S. 37

(1971); *Heck v. Humphrey*, 512 U.S. 477 (1944).  The Recommendation also noted that *Heck*

and its progeny bar this court from  reviewing any challenges which might invalidate Plaintiff's

second degree rape conviction.

Plaintiff submitted an amended objection.  His objection regarding the absence of an

initial appearance was a claim raised in the complaint and addressed in the Recommendation.

His additional objections concerning denial of bond as well as denial of  access to the law library

for 45 days are new allegations.  The operative claims presented in the complaint primarily

concern Plaintiff's challenge to his incarceration based on charges stemming from his

unspecified violations of the ACNA.  Plaintiff may not change the nature of this suit by adding

new claims in his objections. Thus, even if there were any merit to Plaintiff's conclusory claims

concerning bond and access to the law library, the Defendants named to this action (Attorney

General Strange, the PSC Director, and Sheriff Jones) would not be responsible for those

matters. *See* Fed.R.Civ.P. 20(a)(2) (defendants may be joined in one action as defendants if any

right to relief is asserted against them arising out of the same transaction, occurrence, or series of

transactions or occurrences); Fed.R.Civ.P. 18(a) (allowing multiple claims against opposing

party but not multiple unrelated claims against different defendants.)

For the above reasons, it is hereby ORDERED as follows:

1.  The court ADOPTS the Recommendation of the Magistrate Judge.

2.  Plaintiff's request for a preliminary injunction (Doc. #2) is DENIED.

3.  Plaintiff's federal claims are DISMISSED without prejudice pursuant to the provisions

of 28 U.S.C. § 1915(e)(2)(B)(ii).

4.  To the extent that the Complaint asserts state law claims for relief, such claims are

DISMISSED without prejudice.

5.  The Complaint is DISMISSED prior to service of process.

DONE this 8th day of March, 2012.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE